IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JACOB RACKSTRAW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:23-cv-132-JTA |
| | ) (WO) |
| MARTIN J. O'MALLEY, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Pursuant to 42 U.S.C. § 405(g), the claimant, Jacob Rackstraw ("Rackstraw"), brings this action to review a final decision by the Commissioner of Social Security ("Commissioner"). (Doc. No. 1.)[1] The Commissioner denied Rackstraw's application for Supplemental Security Income ("SSI"). The Court construes Rackstraw's brief in support of his Complaint (Doc. No. 18) as a motion for summary judgment and the Commissioner's brief in opposition to the Complaint as a motion for summary judgment (Doc. No. 21). The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Docs. No. 25, 26.)

After careful scrutiny of the record and the motions submitted by the parties, the Court finds that Rackstraw's motion for summary judgment is due to be GRANTED, the Commissioner's motion for summary judgment is due to be DENIED, the decision of the

---

[1] Document numbers as they appear on the docket sheet are designated as "Doc. No."

Commissioner is due to be REVERSED, and this matter is due to be REMANDED for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## I.    PROCEDURAL HISTORY AND FACTS

Rackstraw is an adult[2] male with a high school education who has no prior work experience. (R. 20, 32, 33.)[3] He alleged a disability onset date of October 24, 2020, which was later amended to November 16, 2020, due to obsessive compulsive disorder, attention deficit hyperactivity disorder, bipolar disorder, and anxiety. (R. 33, 292 .)

On November 16, 2020, Rackstraw protectively filed an application for SSI under Title XVI of the Social Security Act. (R. 32, 229-245.) The application was denied initially and on reconsideration. (R. 116-117, 129-130.) Following an administrative hearing, the Administrative Law Judge ("ALJ") denied Rackstraw's request for benefits in a decision dated August 30, 2022. (R. 10-26.) Rackstraw requested review by the Appeals Council, and it denied review. (R. 1-6.) Thus, the hearing decision became the final decision of the Commissioner. *See* 42 U.S.C. § 405(g); *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (citation omitted) ("When, as in this case, the ALJ denies benefits and the [Appeals Council] denies review, [the court] review[s] the ALJ's decision as the Commissioner's final decision.").

---

[2] He was 18 years old on his alleged onset date. (R. 89.)

[3] Citations to the administrative record are consistent with the transcript of administrative proceedings filed in this case. (*See* Doc. No. 9.)

On March 9, 2023, Rackstraw filed this action seeking review of the Commissioner's final decision. (Doc. No. 1.) The parties have briefed their respective positions. (Docs. No. 18, 21, 24, 28, 30, 33.) This matter is ripe for review.

## II.     STANDARD OF REVIEW

Judicial review of disability claims is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). The court " 'must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence.' " *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1257 (11th Cir. 2019). "Substantial evidence" is more than a mere scintilla and is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1346, 1349 (11th Cir. 1997)). Even if the Commissioner's decision is not supported by a preponderance of the evidence, the findings must be affirmed if they are supported by substantial evidence. *Id.* at 1158-59; *see also Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The court may not find new facts, reweigh evidence, or substitute its own judgment for that of the Commissioner. *Bailey v. Soc. Sec. Admin., Comm'r*, 791 F. App'x 136, 139 (11th Cir. 2019); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004); *Dyer*, 395 F.3d at 1210. However, the Commissioner's conclusions of law are not entitled to the same deference as findings of fact and are reviewed *de novo*. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The district court may remand a case to the Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996).

### III.     STANDARD FOR DETERMINING DISABILITY

An individual who files an application for SSI must prove that he is disabled. *See* 20 C.F.R. § 416.912(a). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.920(a).

Disability under the Act is determined under a five-step sequential evaluation process. 20 C.F.R. § 416.920(a). The evaluation is made at the hearing conducted by the ALJ. *See Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018). First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.920(a). "Substantial gainful activity" is work activity that involves significant physical or mental activities. 20 C.F.R. § 416.972(a). If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. § 416.920(b). Second, the ALJ must determine whether the claimant

4

has a medically determinable impairment or a combination of impairments that significantly limit the claimant's ability to perform basic work activities. 20 C.F.R. § 416.920(c). Absent such impairment, the claimant may not claim disability. (*Id.*) Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926). If such criteria are met, then the claimant is declared disabled. 20 C.F.R. § 416.909(d).

If the claimant has failed to establish that he is disabled at the third step, the ALJ may still find disability under the next two steps of the analysis. At the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"), which refers to the claimant's ability to work despite his impairments. 20 C.F.R. § 416.920(e). The ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 416.920(f). If it is determined that the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. § 416.920(f). If the ALJ finds that the claimant is unable to perform past relevant work, then the analysis proceeds to the fifth and final step. 20 C.F.R. § 416.920(e).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with his RFC, age, education, and work experience. 20 C.F.R. § 416.920(g). Here, the burden of proof shifts from the claimant to the ALJ in proving the existence of a significant number of jobs in the national economy that the claimant can perform given his RFC, age, education, and work experience. 20 C.F.R. §§ 416.912(g), 416.960(c). *See Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir.

1987) ("The burden then shifts to the Secretary to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform.").

### IV. ADMINISTRATIVE DECISION

Within the structure of the sequential evaluation process, the ALJ found that Rackstraw had not engaged in substantial gainful activity since the alleged amended onset date. (R. 12.) The ALJ determined that Rackstraw suffers from the following severe impairments that significantly limit his ability to perform basic work activities: mood disorder, anxiety disorder, attention deficit hyperactivity disorder, and borderline intellectual functioning. (R. 13.)

The ALJ concluded that Rackstraw does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 13.) The ALJ explained, in relevant part:

> The severity of [Rackstraw's] mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 12.04, 12.06, and 12.11. In making this finding, the undersigned has considered whether the "paragraph B" criteria are satisfied. To satisfy the "paragraph B" criteria, the mental impairments must result in one extreme limitation or two marked limitations in a broad area of functioning. An extreme limitation is the inability to function independently, appropriately, or effectively, and on a sustained basis. A marked limitation is a seriously limited ability to function independently, appropriately, or effectively, and on a sustained basis.
>
> In understanding, remembering or applying information, [Rackstraw] has a moderate limitation. In interacting with others, [Rackstraw] has a moderate limitation. With regard to concentrating, persisting or maintaining pace, [Rackstraw] has a moderate limitation. As for adapting or managing oneself, [Rackstraw] has experienced a moderate limitation. This is supported by the State agency psychological consultant's assessment at the initial level of review, [Rackstraw's] treatments records and treatment history, and school records. Dr. Veits found that [Rackstraw] has a moderate limitation in each

> "paragraph B" criteria (Exhibit B3A). On reconsideration, Dr. Koulianos found that [Rackstraw's] ability to understand, remember, and carry out detailed instructions is markedly limited but that his ability to perform mental work-related activities is otherwise at most moderately limited (Exhibit B4A). The undersigned finds, based on the record as a whole, that [Rackstraw] has no more than moderate mental functional limitations.
>
> …
>
> Because [Rackstraw's] mental impairments do not cause at least two "marked" limitations or one "extreme" limitation, the "paragraph B" criteria are not satisfied.
>
> The undersigned has also considered whether the "paragraph C" criteria are satisfied. In this case, the evidence fails to establish the presence of the "paragraph C" criteria. Specifically, there is no evidence of medical treatment, mental health therapy, psychosocial supports, or a highly structured setting that is ongoing and that diminishes the symptoms and signs of [Rackstraw's] mental disorder along with marginal adjustment.

(R. 13-14.) The ALJ provided no findings in regard to the Paragraph A criteria.

After consideration of the entire record, the ALJ determined Rackstraw has the RFC to perform a full range of work at all exertional levels, but with the following non-exertional limitations:

> [Rackstraw] can perform short simple tasks for 2-hour periods with customary breaks over the course of an 8-hour workday. He can tolerate occasional interaction with supervisors and coworkers but no direct interaction with the public. [Rackstraw] can work in the presence of others in a well-spaced work setting but should not perform tasks requiring any extensive coordination with others. [Rackstraw] can tolerate ordinary work pressures in a setting where goals are clearly defined, but should avoid excessive workloads, rapid changes, and multiple demands. [Rackstraw] can tolerate infrequent well explained changes. He should not perform duties requiring travel to unfamiliar places or use of public transportation.

(R. 14-15.) In determining the RFC, the ALJ found that Rackstraw's statements regarding the intensity, persistence, and limiting effects of his symptoms are "not entirely consistent" with the medical evidence and other evidence of record. (R. 15.) Considering Rackstraw's

RFC, his education, his lack of past relevant work, and other jobs that exist in the national economy, the ALJ found that Rackstraw is not disabled under the Social Security Act. (R. 20-21.)

V.     DISCUSSION

Rackstraw presents three arguments in this appeal. First, he argues the ALJ failed to adequately evaluate the Paragraph C criteria under the mental disorder listings. Second, he argues the ALJ failed to properly consider the medial opinions of three medical sources. Third, he argues the ALJ failed to resolve the apparent conflicts between the testimony of the vocational expert and the information in the Dictionary of Occupational Titles.

Upon a thorough review of the record and the parties' submissions, the Court finds that Rackstaw's first argument warrants reversal and remand for further proceedings.

A.     Evaluation of Paragraph C Criteria

Rackstraw argues the ALJ failed to adequately consider the criteria under Paragraph C of Listings 12.04 and 12.06. (Doc. No. 18 at 3.) He complains the ALJ merely recited the words from Paragraph C into the hearing decision and did not provide any analysis nor consideration of the evidence of record. (*Id*. at 3-4.) He also complains that substantial evidence does not support the conclusory statement made by the ALJ as to the criteria. (*Id.* at 4-8.)

The Commissioner responds that the ALJ committed no reversible error and substantial evidence supports the ALJ's Paragraph C finding. (Doc. No. 21 at 4-8.)

"Section 12.00 [of Appendix 1] contains the Listings for mental disorders, which are arranged in [eleven] diagnostic categories …." *Bellew v. Acting Com'r of Soc. Sec.*, 605

F. App'x 917, 923 (11th Cir. 2015); 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(A). Listing 12.04 is for depressive, bipolar and related disorders;[4] and listing 12.06 is for anxiety and

---

[4] *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04. In its entirety, Listing 12.04 reads:

> 12.04 *Depressive, bipolar and related disorders*, satisfied by A and B, or A and C:
> A. Medical documentation of the requirements of paragraph 1 or 2:
>   1. Depressive disorder, characterized by five or more of the following:
>     a. Depressed mood;
>     b. Diminished interest in almost all activities;
>     c. Appetite disturbance with change in weight;
>     d. Sleep disturbance;
>     e. Observable psychomotor agitation or retardation;
>     f. Decreased energy;
>     g. Feelings of guilt or worthlessness;
>     h. Difficulty concentrating or thinking; or
>     i. Thoughts of death or suicide.
>   2. Bipolar disorder, characterized by three or more of the following:
>     a. Pressured speech;
>     b. Flight of ideas;
>     c. Inflated self-esteem;
>     d. Decreased need for sleep;
>     e. Distractibility;
>     f. Involvement in activities that have a high probability of painful consequences that are not recognized; or
>     g. Increase in goal-directed activity or psychomotor agitation.
>
> AND
>
> B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:
>   1. Understand, remember, or apply information.
>   2. Interact with others.
>   3. Concentrate, persist, or maintain pace.
>   4. Adapt or manage oneself.
>
> OR
>
> C. Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:
>   1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder; and

obsessive compulsive disorders. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(A).

Listings 12.04 and 12.06[5] consist of (1) a statement describing each disorder; (2) paragraph

---

> 2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life.

*Id.* (internal citations omitted).

[5] *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.06. In its entirety, Listing 12.06 reads:

> 12.06 *Anxiety and obsessive-compulsive disorders*, satisfied by A and B, or A and C:
> A. Medical documentation of the requirements of paragraph 1, 2, or 3:
>   1. Anxiety disorder, characterized by three or more of the following;
>     a. Restlessness;
>     b. Easily fatigued;
>     c. Difficulty concentrating;
>     d. Irritability;
>     e. Muscle tension; or
>     f. Sleep disturbance.
>   2. Panic disorder or agoraphobia, characterized by one or both:
>     a. Panic attacks followed by a persistent concern or worry about additional panic attacks or their consequences; or
>     b. Disproportionate fear or anxiety about at least two different situations (for example, using public transportation, being in a crowd, being in a line, being outside of your home, being in open spaces).
>   3. Obsessive-compulsive disorder, characterized by one or both:
>     a. Involuntary, time-consuming preoccupation with intrusive, unwanted thoughts; or
>     b. Repetitive behaviors aimed at reducing anxiety.
>
> AND
>
> B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:
>   1. Understand, remember, or apply information.
>   2. Interact with others.
>   3. Concentrate, persist, or maintain pace.
>   4. Adapt or manage oneself.
>
> OR
>
> C. Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:

A criteria, which are a set of necessary medical findings; (3) paragraph B criteria, which are four categories of impairment-related functional limitations (understanding, remembering, or applying information; interacting with others; concentration, persistence, and ability to maintain pace; and adapting or managing oneself); and (4) paragraph C criteria designed to evaluate "serious and persistent mental disorders." *See id.* In order for the criteria for Listing 12.04 or 12.06 to be satisfied, the claimant must satisfy the requirements for A and B, or A and C. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.04, 12.06.

Here, the ALJ determined the severity of Rackstraw's mental impairments by considering Listings 12.04, 12.06 and 12.11.[6] (R. 13.) As recited above, the ALJ considered whether the Paragraph B criteria for each listing was satisfied and identified the evidence in the record upon which she relied to find that the criteria were not satisfied. (R. 13, 14.) Specifically, the ALJ discussed the assessment from Harold R. Veits, M.D., the State agency psychological consultant at the initial review level; the opinion of Joana Koulianos, Ph. D., the State agency psychological consultant at the reconsideration review level; the record of evidence received from Nelson M. Handal, M.D.; inpatient hospital records; school records; and Rackstraw's function reports. (R. 13, 14.) However, in discussing her

---

       1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder; and
       2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life.

*Id.* (internal citations omitted).

[6] Rackstraw does not allege any errors in regard to the ALJ's findings as to Listing 12.11.

11

finding that the Paragraph C criteria are not satisfied, the ALJ provided a much shorter discussion. Indeed, the ALJ simply provided two sentences:

> In this case, the evidence fails to establish the presence of the "paragraph C" criteria. Specifically, there is no evidence of medical treatment, mental health therapy, psychosocial supports, or a highly structured setting that is ongoing and that diminishes the symptoms and signs of [Rackstraw's] mental disorder along with marginal adjustment.

(R. 14.) The ALJ fails to cite to any record evidence in support of her findings.

Here, the ALJ's decision does not include sufficient reasoning to permit the Court to determine that she fully and adequate considered whether Rackstraw met the Paragraph C criteria or that substantial evidence supports that decision. *See Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1269 (11th Cir. 2019) (remanding case to ALJ where the ALJ provided no meaningful assessment of how the claimant's mental impairments affected his ability to work).[7] In her two-sentence conclusion, the ALJ completely fails to reference any medical evidence in support of her findings. Without more, the Court simply cannot effectively examine whether the ALJ applied the proper legal standards. *See Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) ("The Secretary's failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal.")

---

[7] "*Schink* was abrogated in part as to the treating physician rule. *See Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 894 (11th Cir. 2022) (holding that new regulation, 20 C.F.R. § 404.1520c (2017), abrogated the "treating-physician rule" first developed by the Eleventh Circuit and other courts of appeals)." *Loydd v. Comm'r of Soc. Sec.*, No. 6:22-CV-15-ACC-EJK, 2023 WL 2931152, at *2 (M.D. Fla. Mar. 1, 2023).

(citations omitted). While the Court has a duty to affirm if substantial evidence supports the ALJ's conclusions, the ALJ must direct the Court to the supporting evidence and must provide sufficient rationale for her decision because the Court will not "merely rubber-stamp a decision." *Schink*, 935 F.3d at 1247. "The ALJ also must state with some measure of clarity the grounds for her decision, and [the Court] will not affirm 'simply because some rationale might have supported the ALJ's conclusions.'" *Smith v. Comm'r of Soc. Sec.*, No. 23-10157, 2024 WL 963725, at *3 (11th Cir. Mar. 6, 2024) (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011)). Starved of sufficient reasoning to determine whether the ALJ conducted the proper legal analysis, this Court has no choice but to reverse. *See Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (noting that reversal is required where the ALJ failed to provide the reviewing court with sufficient reasoning to determine whether the proper legal standards were applied).

This is particularly true where, as here, the ALJ subsequently cites to medical evidence supporting the opposite conclusion. The ALJ discussed how Rackstraw has received treatment for his "ADHD, mood disorder, obsessive-compulsive disorder, and generalized anxiety disorder for several years.[8]" (R. 15.) The ALJ further discussed that Rackstraw has been prescribed "several medications to manage [his] symptoms" and these medications "have been occasionally adjusted in response to complaints of increased symptoms or lack of efficacy." (R. 15-16.) The ALJ noted that Rackstraw had two angry outbursts during a three-year time span (2018-2021), with the most recent one including a

---

[8] Notably, the ALJ uses the phrase "several years" liberally as Rackstraw received treatment for these conditions for 15 years. (R. 456-460.)

13

threat to harm Rackstraw's sociology teacher during virtual/online school. (R. 16.) Around that same time period, Rackstraw received inpatient psychiatric treatment for homicidal ideation and suicidal ideation. (R. 16, 414-415.) Although the ALJ appears to thoroughly discuss the medical evidence and address the persuasiveness of certain medical sources, nowhere in her decision does the ALJ consider whether the medical evidence satisfies the Paragraph C criteria.[9]

The ALJ's failure to substantially discuss the Paragraph C criteria of Listings 12.04 and 12.06 warrants remand. On remand, the ALJ should consider the medical evidence in the record and substantively discuss whether Rackstraw meets the Paragraph C criteria.

B.   Remaining Arguments

Because the case is being remanded to the Commissioner for further consideration, the Court need not address Rackstaw's remaining arguments. *See Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (stating that where remand is required, it may be unnecessary to review other issues raised) (citations omitted); *see also McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (finding no need to analyze other issues when case must be reversed due to other dispositive errors); *See Arce v. Comm'r of Soc. Sec.*, 2024 WL 36061, at *2 (11th Cir. 2024) ("Because remand is necessary, we do not reach Arce's remaining arguments and offer no opinion as to whether the ALJ erred with respect to those issues."). On remand, however, the Commissioner should reassess the

---

[9] This lack of reasoning is significant as Rackstraw need only satisfy Paragraphs A and B criteria or Paragraphs A and C criteria, and the ALJ only clearly addresses the criteria for Paragraph B. Because the ALJ decision is completely silent on the Paragraph A criteria, the determination and reasoning for the Paragraph C criteria is dispositive.

entire record, providing sufficient reasons and readily identifiable evidentiary support for her decision under the applicable law.[10] *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (holding that, on remand, the ALJ must reassess the entire record) (citation omitted).

## VI.   CONCLUSION

For the reasons stated, the Court finds that the decision of the Commissioner is not supported by the proper legal standards.  Hence, it is ORDERED as follows:

1. The claimant's motion for summary judgment (Doc. No. 18) is GRANTED.
2. The Commissioner's motion for summary judgment (Doc. No. 21) is DENIED.
3. The decision of the Commissioner is REVERSED.
4. This matter is REMANDED for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g)

A separate judgment will issue.

DONE this 26th day of March, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE

---

[10] In reversing the Commissioner's decision, the Court expresses no opinion regarding Rackstraw's entitlement to disability. The Court here holds only that the ALJ's decision demonstrates error requiring reversal.